Filed 6/20/24  P. v. Rojas CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B326045 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA123646) |
| v. | |
| HERMENEGILDO ROJAS, Jr., et al., | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Reversed with directions.

Law Offices of Allen G. Weinberg, Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant Joseph Hodge.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant Hermenegildo Rojas, Jr.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, Hermenegildo Rojas, Jr., and Joseph Hodge (collectively, defendants) pleaded no contest to voluntary manslaughter.  In 2022, they petitioned for resentencing under Penal Code section 1172.6,[1] which limits accomplice liability for murder.  The trial court found that neither defendant established a prima facie case for relief and denied the petitions.  On appeal, they contend that they established a prima facie case, and therefore the trial court should have issued an order to show cause and held an evidentiary hearing.  The People concede, and we agree Rojas and Hodge established a prima facie case for relief under section 1172.6.

## BACKGROUND

Rojas, Hodge, Matthew Fernandez, and Rigoberto Haro belonged to the same gang.  Gang members hung out at Rojas's house.  The victim, Benjamin Juarez, belonged to a rival gang.  On July 15, 2012, Fernandez shot and killed Juarez as Juarez sat in his car.  A witness heard the gunshots and saw Fernandez running with Haro to Rojas's nearby house.  Law enforcement found the gun used to kill Juarez in Rojas's backyard.  The four men were arrested and placed in a patrol car, where, during a surreptitiously recorded conversation, Fernandez admitted he was the shooter.

---

[1]   All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

Rojas, Hodge, Fernandez, and Haro were charged with murder.[2] At their joint trial, a jury found Fernandez guilty of first degree murder and found true personal gun use allegations. However, the jury deadlocked as to Rojas, Hodge, and Haro.

Following the mistrial, Rojas and Hodge pleaded no contest to voluntary manslaughter and admitted personal gun use (§ 12022.5, subd. (a)), and gang (§ 186.22, subd. (b)(1)(C)) allegations. Rojas's and Hodge's counsel each stipulated to unspecified factual bases for the pleas. The trial court sentenced Hodge to 16 years in prison and Rojas to 26 years in prison.

In 2022, Rojas and Hodge separately petitioned for resentencing under section 1172.6. The trial court appointed counsel for each and held hearings on whether they had established a prima face case for relief. Relying on jury instructions from the mistrial, the trial court noted that their jury was not instructed on felony murder, the natural and probable consequences doctrine, or any theory under which malice could have been improperly imputed to them. Instead, Rojas and Hodge were convicted as direct aiders and abettors with the specific intent to commit murder. The trial court denied defendant's petitions in October and November 2, 2022.

## DISCUSSION

Hodge and Rojas contend that the trial court erred in finding them ineligible for relief as a matter of law at the prima facie stage. As we explain, we agree.

To the end of ensuring a person's sentence is commensurate with the person's individual criminal culpability, Senate Bill

---

[2] Rojas was also charged with being an accessory after the fact. (§ 32.)

3

No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime.  (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)  Senate Bill 1437 added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime").  As amended by Senate Bill No. 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

Senate Bill 1437 also created a procedure, codified in section 1172.6, for a person convicted of murder, attempted murder, or voluntary manslaughter under the former law to be resentenced if the person could no longer be convicted of those crimes under current law.  (*Lewis*, *supra*, 11 Cal.5th at p. 959; *People v. Gentile*, *supra*, 10 Cal.5th at p. 847.)  A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder, attempted murder, or voluntary manslaughter under current law.  (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

At this prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the

4

petitioner would be entitled to relief if those allegations were proved. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) At the prima facie stage, the trial court does not engage in fact finding that involves weighing evidence or exercising discretion. (*Lewis*, at p. 972.) If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing at which the parties may offer new or additional evidence and the trial court sits as an independent factfinder to determine beyond a reasonable doubt whether the defendant is guilty of murder under a valid theory. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 745.)

But if at the prima facie stage, the record of conviction establishes that the petition is meritless, the trial court may dismiss it. (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

On review, we consider de novo whether the petitioner was ineligible for relief as a matter of law at the prima facie stage. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

The trial court here found that Rojas and Hodge could not establish a prima facie case for relief under section 1172.6 because their jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice was improperly imputed to them. Although the parties dispute whether those jury instructions were part of the record of conviction that the trial court could consider in

deciding defendants' eligibility for relief, we will assume, without deciding, that they were. (See generally *People v. Bartow* (1996) 46 Cal.App.4th 1573, 1580 [trial is part of record of conviction]; *People v. Pickett* (2023) 93 Cal.App.5th 982, 988, review granted Oct. 11, 2023, S281643 [preliminary hearing transcript is part of record of conviction].)

Assuming that the trial court could consider the jury instructions, they did not preclude eligibility for relief. That is, the jury instructions failed to establish that Rojas and Hodge could not have been convicted under a now-invalid theory of, for example, felony murder or the natural and probable consequences doctrine. Rather, a condition of relief under section 1172.6 is that the charging document allowed the "prosecution to proceed under" a now-invalid theory. (§ 1172.6, subd. (a)(1).) The charging document here, an information, alleged that Rojas and Hodge committed murder generically and did not specify a degree of murder or limit the prosecution to a particular theory of liability. (See generally *People v. Didyavong* (2023) 90 Cal.App.5th 85, 96 & fn. 4, review granted June 28, 2023, S280047, review dismissed.) At trial, however, the prosecution limited itself to a direct aiding and abetting theory and did not pursue felony murder or the natural and probable consequences doctrine.

But once the jury deadlocked, the prosecution was entitled to retry Rojas and Hodge. Had it done so, the prosecution was free to pursue a different theory of liability than it had at the first trial. The prosecution could have, for example, pursued a natural and probable consequences theory of liability. Accordingly, the prosecution could have proceeded under a theory

6

of liability that Senate Bill 1437 and amendments thereto have now rendered invalid.  (§ 1172.6, subd. (a)(1).)

Nor did Rojas's and Hodge's pleas preclude relief as a matter of law.  When a conviction results from a guilty plea, the record of conviction includes facts the *defendant admitted* as "the factual basis for a guilty plea."  (*People v. Gallardo* (2017) 4 Cal.5th 120, 136; see also *People v. Das* (2023) 96 Cal.App.5th 954, 961–964 [court couldn't rely on prosecutor's factual recitation defendant didn't stipulate to].)  In *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1209, for example, the defendant pleaded guilty to voluntary manslaughter.  In finding that the defendant established a prima facie case for section 1172.6 relief, the court noted that he merely admitted his guilt as an aider and abettor of voluntary manslaughter generically.  (*Gaillard*, at p. 1212.)  Nothing in the record of conviction otherwise conclusively established that "Gaillard admitted his guilt on a direct aiding and abetting theory, rather than a natural and probable consequences theory."  (*Ibid.*)

Similarly, when Rojas and Hodge entered their pleas to voluntary manslaughter, neither specified a factual basis for the pleas, and they did not admit or specify any fact or theory of liability that would preclude section 1172.6 relief.  Therefore, their pleas did not refute the allegations in their section 1172.6 petitions that they could not presently be convicted of murder because of changes made to sections 188 and 189.  (See, e.g., *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [petitioner who did not admit or stipulate to any particular murder theory established eligibility for relief]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977 [same]; cf. *People v. Fisher* (2023) 95

Cal.App.5th 1022, 1028–1029 [defendant admitted he was actual killer at plea].)

We therefore conclude that Rojas and Hodge established a prima facie case for relief under section 1172.6.

## DISPOSITION

The orders denying Hermenegildo Rojas's and Joseph Hodge's petitions for resentencing are reversed with the direction to the trial court to issue orders to show cause and hold evidentiary hearings consistent with Penal Code section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

8